■        In the Matter of the Claim of GERTRUDE BOREY, on Behalf of Herself and Stepson, Respondent, against ROCHESTER STATE HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and insurance carrier from an award of benefits in a death case. The decedent was employed as a clerk by the Rochester State Hospital. On September 11, 1954 he fell in the washroom at the hospital and suffered a laceration of the right supraorbital ridge and his face, scalp and clothing were blood-spattered. He complained of occipital pain and said he was faint. Later that day he became irrational and, becoming progressively worse, died on September 16, 1954. The coroner's death certificate lists the cause of death as due to severe lacerations and contusions of forehead with concussion of the brain and subarachnoid hemorrhage. Two different versions of the accident as related by the decedent were testified to. One, that he had a fainting spell and fell, and another, that he fell against something in the men's room. The blood spots on the floor were all in one area, about equidistant between the commode door and the nearest wash basin. There is no credible evidence that the fall occurred in the commode. The decedent could have struck his head

against one of the wash basins or against the metal faucets or handles thereon, or against the radiator which was about 15 inches from the wash basin. This was an unwitnessed accident and there was the usual presumption attendant thereon. The medical evidence was in sharp dispute as to whether there was a preceding cerebral vascular insult which induced the fall but the board has found that the fall was not due to any internal condition or to any pre-existing pathology. There was substantial evidence upon which the board could have made this finding. Since the board has determined that the fall was not idiopathic on conflicting evidence, it is not necessary to consider whether any special hazard or added risk of the employment contributed to the injury and death. Decision and award affirmed, with costs to the Workmen's Compensation Board. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.